UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Veronica Brown, | § § § § | |
| Plaintiff, | | |
| versus | § § § | Civil Action H-11-840 |
| Metropolitan Life Insurance Company and Verizon Wireless Managed Disability Plan, | § § § § § | |
| Defendants. | | |

## Opinion on Summary Judgment

1.  *Introduction.*

    Veronica Brown says Metropolitan Life Insurance Company and Verizon Wireless Managed Disability Plan should not have denied her short-term and long-term disability benefits. Brown will take nothing from MetLife and Verizon.

2.  *Short-Term Disability Benefits Plan.*

    To qualify for short-term disability under Verizon's plan, an employee must show objective medical evidence that she cannot perform the *essential functions* for her job. The employee must also be (a) receiving and complying with appropriate care and treatment and (b) unable to earn more than 80% of the employee's pre-disability earnings at her own job. Both the employee and her physician(s) must agree that the employee should not work, but MetLife has sole discretion as to whether the employee has submitted sufficient objective medical evidence to qualify for August 12, 2011 benefits. It is the employee's responsibility to make sure that their physician provides MetLife with this information. Brown never filed an application for long-term disability benefits; the court is unable to review any administrative determination.

3. *Background.*

Brown worked as a retail sales representative for Verizon Wireless until January 5, 2010, when she stopped coming to work due to anxiety. For three months Brown sought treatment from Mohamed Ahmed, a psychiatrist. Brown told Ahmed that the anxiety – which she believed was a result of her having been sexually harassed and assaulted at work in October of 2009 – was causing symptoms such as panic attacks, need to urinate frequently, chest and stomach pains, shortness of breath, increased perspiration, nervousness, sleep problems, and loss of appetite. Mohamed diagnosed her with general anxiety and post-traumatic stress disorder; he prescribed a plan of medicine and psychotherapy.

Brown returned to Ahmed January 6, 20, and 21 – apart from being anxious, he did not find any impairment to her cognitive ability such as memory, speech, or thought process. Ahmed prepared an Initial Functional Assessment Form for MetLife concerning Brown's condition on January 12. He recorded that her Global Assessment of Functioning score was 65-70 – some mild symptoms or difficulty in social, occupational, or school functioning, but generally functioning pretty well. Ahmed noted that it was too early to determine if she could perform her same job in a different department or division of the company; he estimated her return to her current job to be six to eight weeks. He did an evaluation of her abilities that applied to employment. Ahmed found – with the exception of her ability to interact with customers, which he marked as significant enough to impair her ability to function – that Brown had only suspected or minimal impairment that did not preclude her ability to function.

On January 27, MetLife denied Brown's claim for short-term disability, saying that she had not cited any symptoms such as panic attacks, disorganized thoughts, impaired reality perception, cognitive deficits, psychomotor agitation, speech or communication problems or the inability to keep up with hygiene – evidence of impairment that would preclude her from performing her work duties. Brown appealed the decision.

Notes from Brown's visit on February 10 show that she was less anxious, sleeping well when taking appropriate medications, and was considering a change of jobs. A week later, Ahmed completed a Certification of Health Care Provider for Employee's Serious Health Condition for Brown's request to leave under the Family and Medical Leave Act, in which he stated that he did not know if she was unable to perform any of her job functions as a result of her anxiety. He defined her condition as causing episodic flare-ups, but said that she was not incapacitated for a single, continuous period of time – including for treatment or recovery. On

February 22, and again in early March, Ahmed's physician's assistant sent two letters to MetLife saying that Brown was being treated for her condition and could not return to work. These letters contained no objective medical evidence as to why she could not perform her job.

MetLife submitted Brown's medical documentation to an independent physician consultant, Lee Becker, as part of the appeals process. Becker also spoke to Ahmed, who said that with medication and psychotherapy Brown had no significant cognitive abnormalities. He also said that he thought she could do similar work in another workplace setting, and that this might be good for her. Becker concluded that Brown had no functional limitations that precluded her from working; MetLife upheld its denial of her claim on March 8.

4.  *No Objective Evidence.*

MetLife specifically requires objective evidence of disabilities. It was never offered. Ahmed never stated, in either his Initial Assessment or his Certification of Health Care Provider, that Brown's condition precluded her from carrying out the essential functions of her job. Brown argues that Ahmed's indication of "N/A" on the Initial Functioning Assessment form as to whether she could resume work *suggests* that his opinion was that she could not. Disability claims are not meant to be founded by inferences – if Ahmed's medical opinion was that Brown could not function at work, he would have said so on her evaluation.

Medical notes from Brown's sessions with Ahmed show that she may have been suffering from anxiety and post-traumatic stress disorder, but do not offer any objective medical evidence of the type required by MetLife in both its policy and the denial of benefits letter sent to Brown. The letters sent to MetLife in February and March saying Brown could not return to work contained no medical evidence at all – making it impossible for MetLife to assess the severity of her condition. Ahmed never performed any objective tests, the results of which could have been used as objective evidence of a disability.



5. *Conclusion*

MetLife's and Verizon's decision to deny Brown's disability benefits was supported by substantial evidence and will be affirmed.

Signed on October 4, 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge